**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

**RONALD P. AND JOAN RENEE DILLARD**                                    **CASE NO. 10-51870**

**DEBTORS**

**JAMES ROGAN, TRUSTEE**                                                              **PLAINTIFF**

**V.**                                                                                        **ADV. CASE NO. 11-5058**

**CITIMORTGAGE, INC., ET AL.**                                                    **DEFENDANT**


**MEMORANDUM OPINION**

The issue before the Court on the parties' cross-motions for summary judgment is whether the Court should enter summary judgment on the Trustee's claim that the Defendants' mortgage on the Debtor Ronald Dillard's interest in real property may be avoided by the Trustee pursuant to 11 U.S.C. §544 because the Defendants failed to record a power of attorney giving Mr. Dillards' wife the authority to sign the mortgage on his behalf. The Court finds that there are no genuine issues of material fact and the Defendants are entitled to judgment as a matter of law. A second power of attorney, executed by Mr. Dillard three days later and properly recorded with the mortgage, ratifies Mrs. Dillard's act and complies with Kentucky law, therefore putting the Trustee on constructive notice.

**Facts**

The following facts are undisputed. On April 2, 2005, the Debtors Ronald P. and Joan R. Dillard signed a contract to purchase real property located at 160 Clover Valley Drive, Lexington, Kentucky (the "Real Property"). On April 26, 2005, the Debtors jointly applied for a loan from Flagstar Bank, FSB, to finance the purchase and were ultimately approved.

1

The closing of the Debtors' purchase was scheduled to occur on May 6, 2005. Mr. Dillard could not be present at the closing in Lexington, so the Debtors prepared their own power of attorney ("First Power of Attorney") in favor of Mrs. Dillard in order for Mrs. Dillard to act on Mr. Dillard's behalf to execute all the documents necessary to close the purchase. Mrs. Dillard brought the First Power of Attorney to the closing but was informed by the closing attorney that it was unacceptable.[1] The closing attorney told the parties he would complete the closing on the condition that Mr. Dillard subsequently return to his office and execute an acceptable power of attorney that he would prepare. Mrs. Dillard executed all the closing documents, including the Deed and the Mortgage, individually and as attorney-in-fact for her husband.

Three days later, Mr. Dillard came to Lexington and signed a second power of attorney ("Second Power of Attorney") prepared by the closing attorney. The Second Power of Attorney specifically appoints Mrs. Dillard as Mr. Dillard's attorney-in-fact "for the limited purpose of the purchase and acquisition of the property located at 160 Clover Valley Drive, Lexington, KY." The Second Power of Attorney gives Mrs. Dillard the right to "execute all documents necessary for the purchase and mortgage of this property." It further states, "All third parties may rely upon this document for in any and all aspects in order to effectuate the purchase of this property."

The Mortgage and Second Power of Attorney were recorded at the Fayette County Clerk's office on May 16, 2005. The First Power of Attorney was never recorded.

The Debtors filed for Chapter 7 bankruptcy relief on June 7, 2010. J. James Rogan was appointed as the Chapter 7 Trustee. On September 13, 2011, the Trustee filed this adversary proceeding seeking to avoid the interest of the Defendants CitiMortgage, Inc., Flagstar Bank,

---

[1] It is not completely clear why the First Power of Attorney was deemed unacceptable by the closing attorney. Mrs. Dillard testified that the closing attorney would not "accept" it and that he "didn't really give a reason," but then testified that while she doesn't remember the exact reason, "there was something about it that they said was not valid in Kentucky but I don't know what it was."

2

FSB, and Mortgage Electronic Registration System, Inc.'s (collectively the "Defendants") in the Debtors' Mortgage as it relates to Mr. Dillard pursuant to 11 U.S.C. §544.

The parties filed cross-motions for summary judgment on or about January 19, 2012. Following a hearing held on March 28, 2012, the parties jointly stipulated to the authenticity of all exhibits referred to in their cross-motions and the matter was deemed submitted.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). Venue is proper pursuant to 28 U.S.C. §1409.

## Analysis

The Trustee argues that as a hypothetical judicial lien creditor or bona fide purchaser of the Real Property, he may avoid the Mortgage as to Mr. Dillard's interest pursuant to his strong arm powers under §544 because the Defendants failed to comply with K.R.S. §382.370. K.R.S. §382.370 provides:

> Powers of attorney to convey or release real or personal property, or any interest therein, may be acknowledged, proved and recorded in the proper office, in the manner prescribed for recording conveyances. If the conveyance made under a power, is required by law to be recorded or lodged for record, to make the same valid against creditors and purchasers, then the power must be lodged or recorded in a like manner…

The Trustee takes the position that the First Power of Attorney, the only power of attorney in effect at the time Mrs. Dillard signed the Mortgage on her husband's behalf, must be recorded pursuant to K.R.S. §382.370 to put the Trustee on notice of the Defendants' interest.

The Defendants counter that the properly recorded Second Power of Attorney, signed just three days after the Mortgage and Deed were signed by Mrs. Dillard on Mr. Dillard's behalf, is a ratification of Mrs. Dillard's act in signing as her husband's power of attorney. The Defendants further argue that regardless of the ratification, the ultimate recording of the

3

Mortgage is sufficient to put the Trustee on constructive notice despite any technical errors pursuant to K.R.S. §382.270.  This Court agrees with both contentions.

Mr. Dillard ratified the acts of his wife by signing the Second Power of Attorney.  In Kentucky, ratification is defined as follows:

> It is a well-established rule of law that if one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the ratification relates back and supplies original authority to do the act.  In such cases, the principal, whether a corporation or an individual, is bound to the same extent as if the act had been done in the first instance by his previous authority; this is true whether the act is detrimental to the principal or to his advantage, whether it sounds in contract or tort, or whether the ratification is express or implied.

*Capurso v. Johnson*, 248 S.W. 2d 908, 910 (Ky. 1952) (quoting 2 AM. JUR. AGENCY §209, p. 166).  Mr. Dillard, aware that his wife had signed the Mortgage on his behalf as his attorney-in-fact a mere three days earlier pursuant to the First Power of Attorney, subsequently executed the Second Power of Attorney "for the limited purpose of the purchase and acquisition of the property located at 160 Clover Valley Drive, Lexington, KY."  In the Second Power of Attorney, Mr. Dillard gave his wife the right to execute all documents necessary to purchase and mortgage the Real Property.  The Second Power of Attorney put third parties on notice that they could rely on the document for "any and all aspects in order to effectuate the purchase of this property."  Mr. Dillard's intent to ratify his wife's act in signing the Mortgage is clear.  Moreover, as the Second Power of Attorney has been recorded pursuant K.R.S. §382.370, the Trustee has constructive notice and the Mortgage may not be avoided pursuant to §544.

The Court further agrees with the Defendants that even if the Second Power of Attorney was not signed by Mr. Dillard or recorded, the Trustee was on constructive notice of the Mortgage because the Mortgage was recorded well before the bankruptcy was filed.  Pursuant to KRS §382.270,

4

> [I]f a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.

This statute makes it clear that the recording of the Mortgage was sufficient notice to the Trustee regardless of any technical defect under KRS Chapter 382, which would include any defect in recording a power of attorney pursuant to K.R.S. §382.370.

### Conclusion

Based on the foregoing findings of fact and conclusions of law, the Court shall grant the Defendants' Motion for Summary Judgment and deny the Trustee's Motion for Summary Judgment. A separate order shall be entered accordingly.

Copies To:

J. James Rogan, Esq.

John P. Brice, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, May 17, 2012
(tnw)**